In re Edward R. FITZSIMMONS, Debtor.

Edward R. FITZSIMMONS, Appellant,

v.

Edward M. WALSH, Trustee, and Official Creditors' Committee, Appellees.

BAP No. NC–81–1016–KLV.

Bankruptcy No. 4–80–02300 H.

United States Bankruptcy Appellate Panels of the Ninth Circuit.

Argued April 16, 1981.

Decided April 13, 1982.

Filed May 28, 1982.

Lynn Anderson Koller, Lafayette, Cal., for appellant.

Merle C. Meyers, Goldberg, Stinnett & MacDonald and Vincent O'Gara, San Francisco, Cal., for appellees.

Before KATZ, LASAROW and VOLINN, Bankruptcy Judges.

## OPINION

VOLINN, Bankruptcy Judge:

The issue before us is whether a Chapter 11 debtor's postbankruptcy earnings derived from services are subject to the claims of creditors despite the provisions of 11 U.S.C. § 541(a)(6) excluding such earnings from "property of the estate".

### I.

On July 21, 1980, the appellant, Edward R. Fitzsimmons, filed a voluntary petition under Chapter 11 of the Bankruptcy Code. The debtor is a lawyer practicing in Oakland, California. He remained in possession of his assets and practice until October 22, 1980, when the court, upon application of the creditors' committee, entered an order appointing a trustee. That order was supplemented by another order entered No-vember 18, 1980, which imposed restraints upon the operation of the debtor's law practice. The latter order asserts the court's jurisdiction and control over all funds received from the debtor's law practice. One of its provisions allows the debtor payment from earnings of the law practice, not to exceed $3,500 per month for personal living expenses.

On November 26, 1980, the debtor filed a motion seeking modification of the order of November 18, 1980. The proposed modification would have permitted the debtor to retain all postbankruptcy earnings of his law practice. On January 8, 1981, the court entered an order denying debtor's motion. In that order, the bankruptcy court concluded:

"... as a matter of law, that earnings of the debtor's law practice, whether generated by services performed before or after the date of filing the petition herein, and whether those services were performed by the debtor himself or by employees of said practice, constitute property of the estate herein, to be held by the trustee."

### II.

The trustee-appellee centers his case on 11 U.S.C. § 1108 which authorizes him to operate the debtor's business. He contends that, since he is operating the business, he is entitled to its proceeds; stating: "It would make little sense to allow the debtor to receive those very proceeds for his own benefit, without benefit to the estate." While there is an appearance of logic to such a position, it fails to take into account the basic orientation of Chapter 11 and its relationship to § 541.

Chapter 11 is a descendant of Chapter X, dealing with corporate reorganization, Chapter XII, dealing with real estate arrangements, and Chapter XI, dealing generally with arrangements. These chapters necessarily or practically involved property owned by the debtor at the time of bankruptcy—or income derived from that property. The only chapter of the former Bankruptcy Act involving post-bankruptcy earn-

ings for services by an individual debtor was Chapter XIII dealing with wage-earners which has now, as Chapter 13, been enlarged to include self-employed individuals with regular income. The essential issue is whether Chapter 11 can, as does Chapter 13, place an individual debtor's post-bankruptcy earnings from services within the reach of the estate and its creditors. This, in turn, involves an examination of what becomes property of the estate.

### III.

■ Chapters 1, 3, and 5 (which includes § 541) of the Code apply to cases filed under Chapters 7, 11, or 13. 11 U.S.C. § 103(a)(1). This section states that "(a) The commencement of a case under Section 301, 302 or 303 of this title creates an estate." Thus, in any of said chapters, the definition of the estate, the property which it includes, and its creation are encompassed by § 541 unless specifically altered by a section of the applicable chapter.

The definition of property interests which are part of the debtor's estate under § 541 is specific and extensive. § 541(a)(6) provides that the estate includes certain post-bankruptcy accruals to property with a significant exception:

"Proceeds, product, offspring, rents and profits of or from property of the estate, *except such as are earnings from services performed by an individual debtor after commencement of the case.*" (Emph. supp.)

One would assume, given the clarity and specificity of the exception and provision for its application to Chapter 11, that if it is to be modified, the modification would be commensurately explicit. Such a modification has been made in Chapter 13, § 1306, which modifies § 541(a)(6):

"(a) Property of the estate includes, in addition to the property specified in section 541 of this title—

    \*    \*    \*    \*    \*    \*

(2) Earnings from services performed by the debtor after the commencement of the case but before the case is closed, dismissed or converted to a case under chapter 7 or 11 of this title, whichever occurs first."

While it may be contended that because of the prospective character of Chapter 13, the change was necessary, it cannot be gainsaid that where a change was required, the drafters knew how to make the change and did so. The specific provision for this alteration in Chapter 13 demonstrates that had the same exception been desired in Chapter 11, it could have been similarly stated.

### IV.

The provisions of Chapter 11 relating to property of the estate give no support to reading § 1108 as requiring neutralization of the exception in § 541(a)(6).

The essential purpose of Chapter 11 is to provide a plan which will be acceptable to creditors, 11 U.S.C. § 1123. This section does not require the submission of § 541(a)(6) post-bankruptcy earnings to creditors. Indeed, it provides that the debtor may retain "all or any part of the property of the estate." 11 U.S.C. § 1123(a)(5)(B). Section 1123(a)(5)(D) provides for sale or distribution "of all or any part of the property of an estate." The property referred to is necessarily defined by § 541. It is not reasonable to conclude that, without expressly so stating, as it did in § 1306, Congress intended that the foregoing language would not carry with it the exception to § 541(a)(6).

There are further contra-indications to any intention that post-bankruptcy earnings be involuntarily submitted to creditors. § 1112(d)(1) provides that a case under Chapter 11 may be converted to a case under Chapter 13 (the purpose of which is to submit post-bankruptcy earnings) "only if . . . the debtor requests such conversion . . ." If not, Chapter 7, where § 541(a)(6) applies, would be the alternative.

It should also be noted that Chapter 11 proceedings may be involuntarily commenced, 11 U.S.C. § 303. In such a case, the debtor may not convert to Chapter 7,

§ 1112(a)(2). If the trustee's position is correct, application of § 1108 in such event would involuntarily subject the debtor's post-bankruptcy earnings to the trustee's reach despite § 541(a)(6). Conversely, a debtor who files under Chapter 7, anticipating the benefit of § 541(a)(6), could be involuntarily propelled into Chapter 11 by virtue of § 706(b) which provides that "on request of a party in interest and after notice and a hearing, the court may convert a case under this chapter to a case under chapter 11 of this title at any time." However, because of concern that post-bankruptcy earnings may not be involuntarily impounded, § 706(c) provides: "The court may not convert a case under this chapter to a case under chapter 13 of this title (where § 541(a)(6) has been modified) unless the debtor requests such conversion." It is not likely that it was intended that a debtor's future income would be subject to involuntary conversion in Chapter 11 but not in Chapter 13. Presumably, if Chapter 11 had stated the modification present in § 1306, an equivalent condition as to involuntary conversion from Chapter 7 to Chapter 11 would have been provided. There not having been such a modification, the voluntary reservation of § 706(c) as to Chapter 11 is not needed.

■ In sum, the application of § 541(a)(6) to Chapter 11, despite its involuntary character, affords the debtor a fresh start free of pre-bankruptcy debt. There is no reason, logically or practically, why § 541(a)(6) should not be as implicit in a voluntary case as it would be in an involuntary one.

## CONCLUSION

■ The consistency of the foregoing provisions of the Bankruptcy Code demonstrate implementation of a policy designed to prevent involuntary submission to the bankruptcy estate of post-petition earnings from services of an individual. This is consonant with the spirit, if not the letter, of the Thirteenth Amendment to the United States Constitution prohibiting involuntary servitude.

We REVERSE the decision of the trial court, insofar as it holds that post-bankruptcy earnings from services performed by an individual debtor are property of the estate in a Chapter 11 case.

LASAROW, Bankruptcy Judge, dissenting:

All post-petition earnings from the operation of a law practice in a Chapter 11 case should be property of the estate. It should make no difference that all or part of those earnings are due to the post-petition services of an individual Chapter 11 debtor.

I agree that 11 U.S.C. § 541(a)(6), standing alone, would cause the debtor's post-petition earnings arising from his personal services to be excluded from property of the estate. However, to apply that general rule to this case ignores the conflicting provisions of Chapter 11 and especially 11 U.S.C. § 1108.

It appears that the majority would have ruled differently in this appeal if § 1108 had expressly included those post-petition earnings as property of a Chapter 11 estate as does § 1306(a)(2) for Chapter 13 cases. The majority opinion recognizes that the conflict between § 541(a)(6) and § 1306(a)(2) should be resolved in favor of § 1306(a)(2) for application to Chapter 13 cases. But the majority reasons that the absence of a similar Chapter 11 provision overriding § 541(a)(6) leaves § 541(a)(6) as the applicable statute to the earnings in question.

Although not apparent from the language of the statute, a conflict between § 541(a)(6) and § 1108 is clearly implied. A logical analysis leads to the conclusion that § 1108 provides that the earnings of a debtor's business including those derived from his personal services are property of the Chapter 11 estate. As a result of this conflict with § 1108, that portion of § 541(a)(6) concerning post-petition earnings should be inapplicable in Chapter 11 cases for the same reason that a conflict with § 1306(a)(2) renders § 541(a)(6) inapplicable in Chapter 13 cases.

The following analysis should show that § 1108 is in direct conflict with § 541(a)(6) concerning post-petition earnings. Section 1108 provides: "Unless the court orders otherwise, the trustee may operate the debtor's business." Section 323(a) (11 U.S.C. § 323(a)) provides: "The trustee in a case under this title is the representative of the estate." It follows that the trustee's operation of the debtor's business as the representative of the estate is for the benefit of the estate. Such benefit to the estate would include the earnings of the operation. Therefore all earnings from the operation of the debtor's business should be included in the property of the estate. The risk of loss from the operation is borne by the estate, and actual losses are charged against the estate by way of administrative claims. It would be incongruous and unfair to creditors to impose upon the estate the risk of loss from the operation of the business while excluding the income from the property of the estate.

The trial judge authorized compensation at $3500 per month payable to the debtor for his services to the law firm. The rate of compensation is subject to modification in accordance with changes in circumstances as the case proceeds. The debtor does not contend that the rate of compensation is unreasonable, but he argues that all of the earnings of the law practice should be his, free of the jurisdiction of the bankruptcy court.

The debtor asserts that depriving him of the earnings in question subjects him to involuntary servitude in violation of the 13th Amendment of the United States Constitution. That argument fails to consider that the debtor is not compelled to assist in the operation of the law firm under the jurisdiction of the bankruptcy court. He may find other employment or establish a new law firm, thus obtaining a fresh start. However, in doing so he would lose the advantage of continuity of his law practice and would not have the use of pre-petition accounts receivable and other non-exempt business assets for his new enterprise. It is apparent that by choosing to continue to assist in the operation of his law practice under Chapter 11, the debtor is avoiding a partial liquidation of the assets of his law firm, a disruption of his practice, and the impairment of his chances for a successful reorganization. The debtor, having this choice, is not the victim of involuntary servitude.

I would affirm the decision of the trial court.